**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ANTONIO HOLLINGSWORTH                                                          PLAINTIFF

V.                                                                    NO. 4:14-CV-93-DMB-DAS

SHERIFF KEVIN WILLIAMS, et al.                                              DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This civil rights action is before the Court on the Report and Recommendation of United States Magistrate Judge David A. Sanders recommending that the case be dismissed. Doc. #81.

### I
### Relevant Procedural History

Hollingsworth filed his complaint on or about June 26, 2014, naming as defendants Sheriff Kevin Williams, Ora Starks, Gerald Wesley, Jr., Captain Green, Captain King, Investigator Grisham, and Corrections Officer Haywood. Doc. #1. On July 15, 2014, Hollingsworth was granted in forma pauperis status. Doc. #6. Hollingsworth appeared before United States Magistrate Judge David A. Sanders on September 19, 2014, for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Doc. #13.

On September 26, 2014, after the *Spears* hearing, Judge Sanders issued a Report and Recommendation recommending that the claims against all defendants be dismissed, except for the failure-to-protect claim against Corrections Officer Haywood based on Haywood's delay in intervening during an attack on Hollingsworth by other inmates. Doc. #15. The Court adopted the Report and Recommendation on November 3, 2014. Doc. #19. Judge Sanders ordered process issued to Haywood on February 9, 2015; Haywood received process on March 13, 2015. Doc. #23; Doc. #26. After being sent a Clerk's Notice of Default on October 1, 2015,

Haywood answered Hollingsworth's complaint on December 14, 2015. Doc. #34; Doc. #36. On March 23, 2016, Haywood filed a motion for summary judgment. Doc. #53. Hollingsworth did not respond to the summary judgment motion. This Court denied Hollingsworth's motion for summary judgment on December 12, 2016. Doc. #61.

On June 14, 2017, Judge Sanders convened an evidentiary hearing on Hollingsworth's remaining claim. Doc. #78. At the hearing, Haywood and Captain Ollie Hall testified on behalf of Haywood. Doc. #79. Hollingsworth and Darius Craig testified on behalf of Hollingsworth. *Id*.

On August 10, 2017, Judge Sanders issued a Report and Recommendation recommending that Hollingsworth's claim be dismissed on the ground that Haywood acted reasonably during the relevant altercation. Doc. #81 at 8–9. The Report and Recommendation warned that failure to file objections to the recommendations within fourteen days would limit this Court's review to plain error. *Id*. at 9. No objections were filed to the Report and Recommendation. However, on or about August 16, 2017, Hollingsworth filed a change of address. Doc. #82. The docket does not reflect an acknowledgment of receipt of the Report and Recommendation from Hollingsworth.

## II
## Analysis

Pursuant to 28 U.S.C. § 636(b)(1)(B):

> a judge may ... designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for post[-]trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Generally, where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [party] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (*citing Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted). However, where it is unclear whether a litigant actually received a report and recommendation, a court, out of an abundance of caution, may review the report and recommendation for plain error. *See Draper v. Ott*, No. 14-CA-945, 2015 WL 11430821, at *1–2 (W.D. Tex. May 7, 2015) (reviewing report and recommendation for plain error where no objections filed, but receipt of report and recommendation was uncertain).

The Court has conducted a de novo review of Judge Sanders' Report and Recommendation and has found no error. Accordingly, the Report and Recommendation [81] is **ADOPTED** as the order of this Court and this action is **DISMISSED**.[1] A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 26th day of September, 2017.

/s/**Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[1] This dismissal is subject to reconsideration should Hollingsworth show with competent evidence that he did not receive the Report and Recommendation.